UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| TARA LEIGH PATRICK a/k/a CARMEN ELECTRA; DENISE MILANI a/k/a DENISE TRLICA; JAIME EDMONDSON-LONGORIA; JENNIFER WALCOTT a/k/a JENNIFER ARCHULETA; INA SCHNITZER a/k/a JORDAN CARVER; LUCY PINDER; and ROSA ACOSTA,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CADILLAC LOUNGE, L.L.C. and NANCY L. SHAPPY,<br><br>    Defendants. | C.A. No. 19-494-JJM-PAS |

| | |
|---|---|
| ANDRA CHERI MORELAND a/k/a ANA CHERI; ARIANNY CELESTE LOPEZ; TARA LEIGH PATRICK a/k/a CARMEN ELECTRA; JAIME EDMONDSON-LONGORIA; JESSICA HINTON a/k/a JESSA HINTON; MARIANA DAVALOS; ROSA ACOSTA; and TIFFANY TOTH GRAY a/k/a TIFFANY TOTH,<br><br>    Plaintiffs,<br><br>v.<br><br>ATWELLS REALTY CORP. and GERARD DISANTO II,<br><br>    Defendants. | C.A. No. 19-493-JJM-PAS |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief Judge, United States District Court.

Plaintiffs in these related cases are well-known professional models. Defendants Cadillac Lounge and Atwells Realty Corporation (d/b/a Club Desire) are adult entertainment establishments and Defendants Nancy Shappy and Gerard DiSanto II are owners of these two businesses, respectively. Plaintiffs filed their complaints in September 2019, alleging that they are not affiliated with these businesses and yet Defendants misappropriated and intentionally altered their images to create a false impression to consumers that each Plaintiff worked at, endorsed, or were otherwise associated or affiliated with these establishments when that was false. According to the complaints, their images appeared in advertisements for these two clubs between February 2012 through March 2019. Plaintiffs bring claims under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A & B) (false association and false advertising); R.I. Gen. Laws §§ 9-1-28 for unauthorized use of name, portrait, or picture; R.I. Gen. Laws §§ 9-1-28.1 for Right to Privacy; common law right of publicity;[1] and state common law claims for defamation, negligence, conversion, unjust enrichment, and quantum meruit.

The Cadillac Lounge and Club Desire move for partial dismissal, asserting that the statute of limitations bars all of some of the Plaintiffs' claims and some of the claims of the remaining Plaintiffs. ECF No. 12 (C.A. No. 19-494), ECF No. 9 (C.A.

---

[1] Defendants move to dismiss Plaintiffs' Count Four for common law right to publicity. In their opposition, Plaintiffs concede that this claim should be dismissed. The Court therefore DISMISSES Count Four of Plaintiffs' Complaints.

No. 19-493). Individual defendants Nancy L. Shappy and Gerard DiSanto II also move to dismiss all claims against them for failure to state a claim.

### The Lanham Act Claims (Counts 1 and 2)

Congress did not include a statute of limitations in the Lanham Act and no federal or state court has set a statute of limitations in a Lanham Act case. The Court will not ignore the plain wording of the statute and declines to inappropriately legislate by writing a limitations period into the Lanham Act where there is none.

There is a body of caselaw, however, where courts have used the doctrine of laches in determining whether a Lanham Act claim should be dismissed because it was "untimely" filed. *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 365 (6th Cir. 1985); *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996) ("[b]ecause the Lanham Act establishes no limitations period for claims alleging unfair competition or false advertising, and because there is no corresponding federal statute of limitations, [courts] look to 'the most appropriate' or 'the most analogous' state statute of limitations for laches purposes."); *See, e.g., Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1040 (2d Cir. 1980).

Defendants point to R.I. Gen. Laws § 9-1-14(b) as the most analogous state statute and seek application of its three-year statute of limitations, arguing that it applies because Plaintiffs' claims are rooted in personal injuries, which are covered by § 9-1-14(b). But here, Defendants have not pled a laches defense and affirmatively state that they "do not presently seek judgment on the ground of laches." So because there is no statute of limitations for the Lanham Act and because laches is not being

3

asserted, the Court will not apply § 9-1-14(b)'s three-year statute of limitations to Plaintiffs' federal claims. Defendants' Motion to Dismiss on these grounds is DENIED.

### State Statutory and Common Law Claims (Counts 3, 5, 6, 7, and 8)

The Rhode Island General Assembly did not write a statute of limitations into R.I. General Laws §§ 9-1-28 and 9-1-28.1 outlining violations of the right to privacy and unauthorized use of name, portrait, or picture either. Defendants also advocate that the three-year limitation set forth in § 9-1-14(b) covering "injuries to the person" be extended to these two sections and to Plaintiffs' common law claims for defamation, negligence, and conversion. Application of this statute of limitations would result in a bar to Plaintiffs' claims related to images published more than three years before the filing of these suits.

Plaintiffs argue that § 9-1-14(b)'s three-year statute of limitations does not apply to the statutory violations or common law claims alleged in their complaint because those claims do not relate to injuries to their persons, but to damage of their property because their name, image, and reputation are valuable assets. They also argue that the continuing tort doctrine applies to their facts so a wooden application of the three-year statute of limitations would be error. "Under the continuing tort doctrine, where a tort involves a continuing or repeated injury, the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease." *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 602 (R.I. 2019) (quoting 54 C.J.S. *Continuing Torts* § 223 at 258 (2010)). The statute of

4

limitations should be tolled, Plaintiffs argue, because Defendants engaged in a continuing, predatory, and exploitative advertising scheme based on the misappropriation of their images.

The Court declines to read a statute of limitations into statutory sections that do not have them. And because there are insufficient facts now known to test the theory of the continuing tort doctrine, Defendants' motion on these grounds is DENIED WITHOUT PREJUIDCE and may be renewed after discovery is completed.

Equitable Claims (Counts 9 and 10)

Defendants also move to dismiss Plaintiffs' unjust enrichment and quantum meruit claims, arguing that they derive from a common law right that Rhode Island law does not recognize, citing *Wilson v. UTC Labs, LLC*, C.A. No. 15-101S, 2017 WL 9324759, at *4-5 (D.R.I. April 27, 2017). *Wilson* rested its conclusion on an interpretation of New York law and acknowledged that the Rhode Island Supreme Court has not directly answered whether the statutory claims here are exclusive such that equitable claims are not allowed.[2] The Court must conclude that if the Rhode Island Supreme Court believed that the state privacy statute preempted all common law claims, it would have so explicitly stated. That type of constraint is within the province of either the Rhode Island General Assembly or state courts, not this Court

---

[2] Moreover, the Magistrate Judge in *Wilson* found that the plaintiff in that case sought to disguise an equitable claim as a statutory claim, justifying its conclusion that he could not do both. It is not clear from the allegations in Plaintiffs' complaints here that they seek to do the same; their unjust enrichment and quantum meruit allegations differ from their right to privacy allegations.

5

in this case. Therefore, this Court declines to dismiss Plaintiffs' unjust enrichment and quantum meruit claims.

### Claims Against Nancy L. Shappy and Gerard DiSanto II

Plaintiffs have sued Nancy L. Shappy and Gerard DiSanto II in their capacity as principals, owners, and/or CEOs of the Cadillac Lounge and Club Desire, alleging that they are liable because they maintained operational control over those businesses, including all advertising relating thereto. There are no further allegations made against either Ms. Shappy or Mr. DiSanto directly.

Ms. Shappy and Mr. DiSanto cannot be held personally liable simply as a principal, owner, or officer of a limited liability corporation. *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 907 (1st Cir. 1980) (quoting *Lobato v. Pay Less Drug Stores*, 261 F.2d 406, 408-09 (10th Cir. 1958)) ("merely being an officer or agent of a corporation does not render one personally liable for a tortious act of the corporation"). But "if an officer or agent of a corporation directs or participates actively in the commission of a tortious act or an act from which a tort necessarily follows or may reasonably be expected to follow, he is personally liable to a third person for injuries proximately resulting therefrom." *Id.* An officer or an agent must give "[s]pecific direction or sanction of, or [have] active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party" in order "to generate individual liability in damages." *Id.* Here, Plaintiffs fail to plead enough plausible facts to support the legal conclusion that Ms. Shappy or Mr. DiSanto directed, sanctioned, or actively

participated or cooperated in, a positively wrongful act of commission or omission that injured the Plaintiffs. Defendants' Motions to Dismiss Ms. Shappy and Mr. DiSanto are GRANTED.

Conclusion

The Court GRANTS IN PART and DENIES IN PART Defendants' Motions to Dismiss. All claims against Defendants Nancy L. Shappy and Gerard DiSanto II are dismissed. The Motions to Dismiss are otherwise denied. ECF No. 12 (C.A. No. 19-494), ECF No. 9 (C.A. No. 19-493).

IT IS SO ORDERED

John J. McConnell, Jr.
Chief Judge
United States District Court

January 21, 2020